UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Criminal Case No. 15-20351

MANAWAR JAVED,                      Sean F. Cox
                                                       United States District Court Judge

    Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO IMPOSE SUPERVISED RELEASE**

In Criminal Case Number 15-20351, Defendant Manawar Javed ("Javed") was convicted of health care and wire fraud. In 2016, this Court imposed sentence. The matter is now before the Court on Javed's motion that asks this Court to modify its sentence and impose a term of supervised release. The Court concludes that a hearing is not necessary. For the reasons below, the Court DENIES the motion.

**BACKGROUND**

In Criminal Case Number 15-20351, Defendant Javed was indicted on June 11, 2015, along with several Co-Defendants, and charged with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Pay and Receive Kickbacks, in violation of 18 U.S.C. § 371.

On March 18, 2016, Javed pleaded guilty to conspiring to commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343, 1347, and 1349. This Court later sentenced Javed to 121 months in prison. This Court also imposed a fine of $250,000.00 and ordered restitution

in the amount of $12,755,822.28, to be paid to the United States Department of Health and Human Services Medicare Trust Fund.  Notably, this Court *chose not to impose any term of supervised release*.  (*See* 10/14/16 Judgment, ECF No. 190).

Javed filed a direct appeal in his criminal case but the United States Court of Appeals for the Sixth Circuit dismissed the appeal as barred by the appellate-waiver provision in Javed's Rule 11 Plea Agreement.

Javed later filed a *pro se* motion under 28 U.S.C. § 2255, which was denied by this Court.  Both this Court and the Sixth Circuit declined to issue Javed a certificate of appealability.

In September of 2020, Javed filed a motion for compassionate release.  This Court denied that motion.  Javed appealed that ruling.  In an Order issued on May 11, 2021, the Sixth Circuit affirmed this Court's denial of Javed's motion for compassionate release.  (*See* ECF No. 387).

Acting through retained counsel, on June 15, 2023, Javed filed the pending "Motion To Impose Supervised Release."  (ECF No. 393).  The Government has not filed a response.[1]

## ANALYSIS

"Sentence modification are the exception, not the rule." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021).  A sentencing court has no inherent authority to reconsider or modify an otherwise valid sentence.  *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).  Instead, the authority of this Court to resentence a defendant is limited by statute.  *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008).

When this Court imposed sentence on Javed in this criminal case, back in October of

---

[1] Javed's brief states that the Government advised "it will defer to the discretion of the Court" as to this motion.  (ECF No. 393 at PageID.3207).

2016, this Court did not impose any term of supervised release, in either its oral pronouncement of sentence or in the Judgment it issued. (*See* Judgment, ECF No. 190, at PageID 1404) ("Upon release from imprisonment, the defendant shall be on supervised release for a term of: None (pursuant to USSG 5D1.1(c)).")[2]; (*see also* Sentencing Tr. at 15, wherein Court stated it was not imposing a term of supervised release "as you will be deported upon the completion of your custodial sentence."). Defendant Javed did not object to this Court's decision not to impose a term of supervised release.

In the pending motion, however, Javed now asks this Court to modify his sentence and *impose* a term of supervised release. Javed's motion addresses the reasons why he would like this Court to modify his sentence and impose a term of supervised release, and how it may benefit Javed. But the motion fails to direct this Court to *any legal authority* that would allow this Court to modify Javed's sentence at this juncture by imposing[3] a term of supervised release that was not included in the Judgment.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant Javed's motion is DENIED.

---

[2] USSG 5D1.1(c) provides that the "court ordinarily should not impose a term of supervised release in a case where supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." "But 'ordinarily' does not mean 'never'" and thus, this Court had the discretion to impose a term of supervised release. *United States v. Little*, 2022 WL 2714525 at *4 (6th Cir. 2022). It chose not to do so.

[3] To be sure, a district court has the authority to terminate, extend, or revoke a term of supervised release that it imposed at sentencing. But it is vested with that authority by statute – 18 U.S.C. § 3583(e).

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: July 6, 2023